UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **BRYAN ALLEMAND** | **CASE NO. 2:25-CV-01790** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **FLORIDA MARINE L L C ET AL** | **MAGISTRATE JUDGE LEBLANC** |

## MEMORANDUM RULING

Before the Court is a "Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim Upon Which Relief can be Granted" (Doc. 8) filed by Defendants, Florida Marine, LLC, ("Florida Marine") PBC Management, LLC ("PBC"), and Pasentine Family Enterprises, LLC ("PFE") (collectively referred to as Defendants).

## BACKGROUND

The lawsuit involves an incident that occurred aboard vessels on the navigable inland waters of Calcasieu Parish, Louisiana, particularly on the Calcasieu River and/or the Calcasieu Ship Channel.[1] At the time of the incident, Plaintiff was employed by Florida Marine and/or PBC, or he was jointly employed by Florida Marine and/or PBC.[2] Alternatively, Plaintiff alleges that PBC was a payroll employer while Forida Marine was a borrowing employer.[3]

Plaintiff was employed as a tankerman and assigned to the vessel FLT3136.[4] Plaintiff alleges that at all times pertinent, he was a Jones Act Seaman.[5] On November 22,

---

[1] Doc. 11, First Supplemental, Amending, and Restated Complaint for Damages, ¶ 4.
[2] *Id.* ¶ 5.
[3] *Id.*
[4] *Id.*
[5] *Id.* ¶ 7(a).

2023, Plaintiff was performing oil transferring offloading operations on the FLT 3136 at the Calcasieu Docks for delivery to the Calcasieu Refinery, which was moored alongside another of Defendants' barges—the "New Barge."[6] During a transfer of oil to the Refinery, Plaintiff was assisting another tankerman on the New Barge.[7] As he returned to the FLT 3136 from the New Barge, Plaintiff fell when stepping to the FLT 3136, which allegedly caused him to suffer severe injuries.[8]

Plaintiff asserts Jone Act liability claims against Defendants, Florida Marine and PBC for general maritime negligence, vessel negligence, unseaworthiness, and under Louisiana state law. He also asserts liability claims against Defendant, Pasentine as the owner of the vessel upon which he was allegedly injured for general maritime negligence, vessel negligence, unseaworthiness of its vessel, and under Louisiana state law.[9]

## RULE 12(b)(6) STANDARD

Rule 12(b)(6) allows for dismissal when a plaintiff "fail[s] to state a claim upon which relief can be granted." When reviewing such a motion, the court should focus on the complaint and its attachments. *Wilson v. Birnberg*, 667 F.3d 591, 595 (5th Cir. 2012). The court can also consider documents referenced in and central to a party's claims, as well as matters of which it may take judicial notice. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000); *Hall v. Hodgkins*, 305 Fed. App'x 224, 227 (5th Cir. 2008) (unpublished).

---

[6] *Id.* ¶ ¶ 8.
[7] *Id.* ¶ 26.
[8] *Id.* ¶ 34.
[9] *Id* ¶ 35(a).

Such motions are reviewed with the court "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 461 (5th Cir. 2010). However, "the plaintiff must plead enough facts 'to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Accordingly, the court's task is not to evaluate the plaintiff's likelihood of success but instead to determine whether the claim is both legally cognizable and plausible. *Lone Star Fund v. (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

## **LAW AND ANALYSIS**

Defendants move to dismiss Plaintiff's claims to recover non-pecuniary damages and punitive damaged under his Jones Act Claim. Punitive damages are non-pecuniary in nature and are not designed to restore "material loss which is susceptible of a pecuniary valuation." *Anderson v. Texaco, Inc., et al*, 797 F. Supp. 531, 534 (E.D. La. 1992) (*citing Michigan Central R. Co. v. Vreeland*, 227 U.S. 59 (1913)). Punitive damages do not compensate for a loss, but rather, are imposed to punish and deter by virtue of the gravity of the offense. *Id.* (*citing Molzof v. United States*, 112 S. Ct. 711, 715 (1992)). A seaman's recovery under either the Jones Act or the general maritime law for unseaworthiness is limited to an award of pecuniary losses and cannot recover non-pecuniary damages, which include punitive damages. *Dutra Group v. Batterton*, 139 S. Ct. 2275 (2019); *Miles v. Apex Marine Corp. et al,* 111 S. Ct. 317 (1990); *McBride v. Estis Well Serv., L.L.C.* 768 F.3d 382 (5th Cir. 2014).

In June of 2009, the United States Supreme Court ruled in *Atlantic Sounding v. Townsend* that punitive damages were only recoverable under the general maritime law of maintenance and cure, when a ship owner willfully breached its duty to pay such benefits to an injured seaman. *Atlantic Sounding v. Co. v. Townsend* 557 U.S. 404 (2009).

After a circuit split regarding whether the availability of punitive damages for a maintenance and cure claim under the general maritime law extended to claims for unseaworthiness, *McBride v. Estis Well Serv., L.L.C.* 768 F.3d 382 (5th Cir. 2014); *Batterton v. Dutra Grp.*, 880 F.3d 1089, 1092-95 (9th Cir. 2018) *rev'd* 139 S.Ct. 227, the United States Supreme Court's ruled in *Dutra Grp. v. Batterton*, 139 S. Ct. 2275 (2019) that "the overwhelming historical evidence suggests that punitive damages are not available for unseaworthiness claims" and that allowing such damages would create a "novel" remedy that is inconsistent with congressional policy as iterated in the Jones Act and would frustrate uniformity under the Jones Act and general maritime law." *Id*. at 2283–85.

Plaintiff does not object to the dismissal of its non-pecuniary and punitive damages under the Jones Act but appears to be concerned that the Court will dismiss his claim for punitive damages for his employer's alleged "willful and wanton disregard of its maintenance and cure obligation." *Atl. Sounding Co. v. Townsend*, 557 U.S. 404, 424, 129 S. Ct. 2561, 2575 (2009). In their reply, Defendants assert that they are not seeking to dismiss Plaintiff's claims of punitive damages for alleged arbitrary, wanton, and capricious failure to pay maintenance and cure. As such, the Court agrees with Defendants that Plaintiff has no claim for non-pecuniary and punitive damages for unseaworthiness,

negligence, gross, willful, and wanton conduct under the Jones Act and general maritime law, which does not include any punitive damages claim for an arbitrary, wanton, and capricious failure to promptly and timely pay maintenance and cure benefits.

## CONCLUSION

For the reasons explained herein, the Court will grant Defendants Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim Upon Which Relief can be Granted (Doc. 8) and dismiss Plaintiff's claims for non-pecuniary and punitive damages for unseaworthiness, negligence, gross, willful, and wanton conduct under the Jones Act and general maritime law, which does not include any punitive damages claim for an arbitrary, wanton, and capricious failure to promptly and timely pay maintenance and cure benefits.

**THUS DONE AND SIGNED** in chambers on this 26th day of February, 2026.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**